UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                    CASE NO. 8:23-cr-114-SDM-CPT

AARON DIGGS,
_____/

## ORDER

Aaron Diggs, a person "previously convicted . . . of a crime punishable by imprisonment for a term exceeding one year," was indicted (Doc. 1) for allegedly possessing a firearm in violation of 18 U.S.C. § 922(g)(1), which proscribes the possession of a firearm by a person "who has been convicted in any court of[ ] a crime punishable by imprisonment for a term exceeding one year[.]" Diggs moves (Doc. 27) to dismiss the indictment and, citing *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), argues that Section 922(g)(1) unconstitutionally infringes Diggs's Second Amendment right "to keep and bear Arms." The United States responds (Doc. 31).

*Bruen* explains that the Constitution presumptively protects conduct covered by the Second Amendment's plain text unless the United States shows that a "regulation is consistent with this Nation's historical tradition of firearm regulation." Consistent with *D.C. v. Heller*, 554 U.S. 570 (2008), which *Bruen* cites repeatedly and approvingly, *Bruen* recognizes that "the Second and Fourteenth Amendments protect the right of an ordinary, law-abiding citizen to possess a [firearm] . . . ." and holds

unconstitutional a regulation "prevent[ing] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms."[1]  Justice Thomas's opinion for the court in *Bruen*; Justice Alito's concurrence; Justice Kavanaugh's concurrence, in which Chief Justice Roberts joins; and Justice Breyer's dissent, in which Justices Sotomayor and Kagan join, each understand *Bruen* "to cast no doubt" on *Heller*'s approval of certain gun regulations, including the prohibition against a felon's possessing a firearm.  As Justice Thomas, discussing *Heller*, writes in *Bruen*:

> After holding that the Second Amendment protected an individual right to armed self-defense, we also relied on the historical understanding of the Amendment to demark the limits on the exercise of that right. We noted that, "[l]ike most rights, the right secured by the Second Amendment is not unlimited." "From Blackstone through the 19th-century cases, commentators and courts routinely explained that the right was not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." For example, we found it "fairly supported by the historical tradition of prohibiting the carrying of 'dangerous and unusual weapons'" that the Second Amendment protects the possession and use of weapons that are "'in common use at the time.'" (internal citations omitted)

Further, *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), binding precedent from the Eleventh Circuit, compels the holding that Section 922(g)(1) is constitutional.  In *Rozier*, a felon "convicted of at least three serious drug offenses on different occasions" challenged a conviction for possessing a firearm.  The jury convicted Rozier under Section 922(g)(1), and the judge sentenced Rozier under Section 924(e)(1).  The Eleventh Circuit affirmed the conviction and the sentence; held that a

---

[1] *Heller* confirms the right of a "law-abiding" citizen to possess in the home a firearm for self-defense, and *Bruen* confirms the right of a "law-abiding" citizen to possess in public a firearm for self-defense.

- 2 -

statute may constitutionally restrict firearm possession by "certain classes of people[,]" including convicted felons; and stated that "[Section] 922(g)(1) is a constitutional restriction on Rozier's Second Amendment right." *Rozier*, 598 F.3d at 772.

Although decided before *Bruen*, *Rozier* includes no "means-end scrutiny"[2] and instead relies directly on *Heller*. Because *Bruen* endorses *Heller*, confirms *Heller*'s approval of firearm restrictions on felons, and abrogates a two-part test that *Rozier* never employed, *Bruen* and *Rozier* are entirely consistent. *United States v. Beasley*, 2023 WL 7839581 (M.D. Fla. 2023) (Mizelle, J.) (holding that *Bruen* did not abrogate *Rozier* and that *Rozier* forecloses the argument that Section 922(g)(1) is unconstitutional); *United States v. Kirby*, 2023 WL 1781685 (M.D. Fla. 2023) (Corrigan, C.J.) (applying *Rozier*; stating that "[e]ven if the [c]ourt was not bound by *Rozier*, the government offers evidence that § 922(g)(1) is part of the historical tradition of the Second Amendment[;]" and collecting cases); *United States v. Williams*, 2022 WL 17852517 (N.D. Ga. 2022) (May, J.).

Also, Diggs argues that Section 922(g)(1) is unconstitutional because "Congress lacks the authority to criminalize the purely intrastate possession of a firearm." As Diggs acknowledges, however, *United States v. Wright*, 607 F. 3d 708, 715–16 (11th Cir. 2010), and U*nited States v. Scott*, 263 F.3d 1270, 1271–74 (11th Cir. 2001), foreclose Diggs's argument. *Wright* and *Scott* hold that Section 922(g) "only requires

---

[2] *Bruen* rejects the use of "means-end scrutiny" to evaluate governmental restrictions on firearms but approves the application of "*Heller*, which demands a test rooted in the Second Amendment's text, as informed by history."

that the [United States] prove some 'minimal nexus' to interstate commerce, which [the United States] may accomplish by 'demonstrat[ing] that the firearm possessed traveled in interstate commerce.'" To support his argument, Diggs adduces no intervening change of law and instead cites *United States v. Lopez*, 514 U.S. 549 (1995) — a decision that *Scott* explicitly considered.

Because binding precedent compels the conclusion that Section 922(g)(1) remains constitutional and for other reasons stated by the United States, the motion (Doc. 27) to dismiss the indictment is **DENIED**.

ORDERED in Tampa, Florida, on February 26, 2024.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE